HENRY TEN BROECK, et al., Respondents, *v.* JAMES H. SHERRILL, et al., Appellants.

The provision of the Revised Statutes (1 R. S., 221, § 23), authorizing and requiring the Canal Commissioners, whenever the navigation of any of the canals " shall be interrupted and endangered," to enter upon and use contiguous premises, and to procure materials therefrom to make the necessary repairs, applies not only where extraordinary repairs are required, but where, from the want of ordinary repairs, navigation is endangered.

The authority given to the Canal Commissioners (1 R. S., 221, § 18), to take lands for extraordinary repairs, is not impaired by the fact that the

State intends to or has let the work by contract; nor where the work is under contract and land is required for the purpose of procuring materials therefrom needed for the work, by the fact that the contractor is to furnish the materials; this is a question between the contractor and the State, and does not affect the power of appropriation.

Where it appears that an engineer in the employ of the State, under and by the direction of a Canal Commissioner, laid out a parcel of land for the use of the State, made and filed a map designating the same, and such land was taken possession of by the State and used by its direction, this is sufficient to establish an appropriation.

(Submitted November 12, 1877; decided November 27, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiffs, entered upon a decision of the court on trial without a jury.

This action was brought to recover for the alleged taking from lands belonging to plaintiffs, near Cohoes and adjoining the Champlain canal, of a quantity of gravel.

The facts appear sufficiently in the opinion.

*Hughes & Northup*, for appellants. The Canal Commissioners were authorized to enter upon and use the plaintiffs' lands, and the statute under which they acted amply provides for the payment of damages to the owners. (1 R. S., 226, § 58; 1 R. S. [6th ed.], 661, §§ 106–108; *People* v. *Hayden*, 5 Hill, 359, 361.) No formal resolution of the Canal Commissioners was necessary. (*Baker* v. *Jahnson*, 2 Hill, 342, 347; *Lyon* v. *Jerome*, 15 Wend., 569; *Hicks* v. *Dorn*, 42 N. Y., 47, 51; *St. Peter* v. *Denison*, 58 id., 416.) The taking being of private property for public use was not unconstitutional. (*People* v. *Hayden*, 6 Hill, 359, 361; *Rexford* v. *Knight*, 1 Kern., 308, 313.)

*C. A. Martin*, for respondents. The Commissioner had no power or authority to appropriate the land in question under the circumstances. (Smith's Com., 477; *Varick* v. *Smith*, 5 Paige, 145–159; *In re Albany St.*, 11 Wend., 152; *People* v. *White*, 11 Barb., 26; *Embury* v. *Connor*, 3

N. Y., 511; *Taylor* v. *Porter*, 4 Hill, 144, 145; *Bloodgood* v. *M. & H. R. R. Co.*, 18 Wend., 56; 2 Kent's Com., 427, *et seq.* ; 1 R. S., 224, § 37.)

*Per Curiam.* The plaintiffs recovered for a quantity of gravel taken from their land by the defendants in 1870 and 1871, and the question litigated was whether the land from which the gravel was taken had been appropriated by the State.

The defendants in 1868, contracted with the State to build a new dam across the Mohawk at Cohoes, a short distance below the old dam. The engineer testified that in that year by direction of the Canal Commissioner, he laid out one acre of land for the use of the State, and made and filed a map designating the same, and it appears that the gravel in question was taken from that land, and used in tightening the old dam.

Both the General and Special Term seem to have based their decision upon the ground that the attempted appropriation was under the twentieth section of the statute authorizing the Commissioners to take lands, etc., for extraordinary repairs, and that as the alleged appropriation was after the making of the contract with the defendants, it was assumed that the gravel was given to the defendants without compensation to enable them to perform their contract, and was therefore, unauthorized and illegal. We cannot concur with these views. The twenty-sixth section of the statute provides for taking lands or materials whenever the navigation of the canals is interrupted or *endangered.* The gravel was used not in building the new dam, but in protecting the old dam so as to prevent a failure of navigation. The judge expressly finds, "that unless the old wooden or crib dam was kept in repair during the building of said stone dam, the said Champlain canal could not be kept in navigable order." There was sufficient authority for taking the gravel under the twenty-sixth section. Navigation was *endangered* when, without doing what was done upon the old dam, it would have

been interrupted. Navigation may be endangered for the want of ordinary repairs, and when that is the case the statute confers the necessary authority in express terms to appropriate land or materials. It does not appear that the defendants by their contract, were required to keep the old dam in repair. But if the gravel had been used in the new work, which I infer might be denominated an extraordinary repair under the twentieth section, the Commissioner had authority to appropriate the gravel pit by the provisions of the statute referred to, and the authority was not impaired by the fact that the State intended to or had let the work to be done by contract, nor whether the contractors were to furnish materials or not. That is a question between the contractors and the State, and does not affect the power of appropriation. The same question was urged in 2 Hill, 348. BRONSON, J., said: "I am unable to see how that fact proves anything in favor of the plaintiff. If the defendants have used materials which belonged to the State instead of providing them at their own expense, the commissioners will undoubtedly have that matter properly adjusted when the defendants are paid for building the lock."

It does not appear whether any allowance was made in this case or not, nor in view of the fact that the gravel was used upon the old dam, does it appear whether such allowance ought, as between the State and the defendants, to have been made, but whether it ought or not is a circumstance of no importance upon the question involved, as to the power to make the appropriation. Whether the appropriation was in fact made, is left somewhat vague by the evidence.

The map produced is not contained in the case. The facts sworn to by the engineer are sufficient to constitute an appropriation, provided the map was filed and the property taken possession of by the State, and used by its direction. (15 Wend., 569; 26 id., 485.)

As we cannot concur with the courts below upon the grounds of their decision, and as the facts proved indicate

strongly, though not conclusively, that an appropriation was made, we think that a proper disposition of the case is to grant a new trial, that facts can be more fully developed. and the question of appropriation definitely ascertained.

Judgment reversed, and new trial granted, costs to abide event.

All concur, except FOLGER, ANDREWS and EARL, JJ., dissenting.

Judgment reversed.